# UNITED STATES COURT OF APPEALS

Filed 12/17/96

## TENTH CIRCUIT

---

HAROLD GRAHAM,

      Plaintiff-Appellant,

v.

KATIE BAXTER, Law Librarian
CCF; ANNETTE PORTER, Law
Librarian CCF; BRAD ROCKWELL,
Staff Attorney, Director of Legal
Services CDOC; MARK MICKINNA,
Warden, CTCF,

      Defendants-Appellees.

No. 96-1241
(D.C. No. 96-B-625)
(D. Colo.)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

therefore ordered submitted without oral argument.

Harold Graham filed this civil rights action claiming that defendants violated his constitutional rights by refusing to copy a 38-page transcript which he allegedly needed to file as evidence in his pending habeas action. The district court dismissed the action as legally frivolous. It then denied Mr. Graham informa pauperis status on appeal on the ground that he failed to submit a certified copy of his prison trust fund account as required by 28 U.S.C. § 1915(a)(2).[1]

On appeal, Mr. Graham renewed his motion to proceed informa pauperis and filed a certified copy of his prison trust account. That account shows that he has had an average monthly balance of a negative $880.95 for the previous six months period. He has therefore shown a financial inability to pay a filing fee. See § 1915(b)(4). However, in order to succeed on his motion, Mr. Graham must show both an inability to pay the fee and the existence of a nonfrivolous issue that states a claim on which relief can be granted. § 1915(e)(2).

In a careful and thorough opinion, the district court analyzed Mr. Graham's contention that he was being denied access to the courts because of defendants'

---

[1]Proceedings in forma pauperis under 28 U.S.C. § 1915 were amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134 § 804, 110 Stat. 1321-73 to 1321-75 (Apr. 26, 1996). We cite in this order to the amended version now in effect.

refusal to copy a transcript Mr. Graham allegedly needs as evidence in his habeas case. The district court correctly concluded that Mr. Graham has recourse in his habeas action for procuring the transcript if he can establish its necessity. Mr. Graham has thus failed to show actual injury from the alleged deprivation, which is required to establish a constitutional claim for denial of access to the courts. Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). Because Mr. Graham has failed to state a claim on which relief may be granted, we deny his motion for leave to proceed on appeal without prepayment of costs or fees. Appeal dismissed.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge